IsmoE Wassebvogel, Spec. Ref.
Plaintiff seeks to recover alleged loans made to defendant which aggregate $45,000, together with interest thereon.
The amended answer denies these alleged loans and as an affirmative defense, defendant contends that plaintiff invested the moneys with it as a stockholder. Defendant urges that inasmuch as it has been unable to pay past-due obligations to holders of mortgages, promissory notes and for labor and materials supplied to it, any payment to plaintiff stockholder would be in violation of section 15 of the Stock Corporation Law. Defendant *53 further contends that in no event were the moneys advanced by plaintiff to be repaid to him until all other creditors of the corporation had been paid in full.
Contrary to defendant’s contentions, there is nothing in the record which warrants the conclusion that plaintiff intended the moneys here involved to be used as an investment in the corporate defendant. The credible evidence indicates that the moneys were turned over by plaintiff to one Samuel Feldman, Esq., his then attorney, as a loan for the corporation, then in the process of formation. Over a period of one and a half years, plaintiff gave Feldman five separate sums of cash totalling $45,000. These moneys were to be used by the defendant corporation to acquire and develop certain land in Scarborough, New York. In return for these loans, the proof shows that plaintiff was to receive interest at the rate of 1% per month. In addition thereto, the stock of the defendant corporation was to be owned equally by plaintiff and said Feldman, neither of whom was to pay for any of their shares.
The record indicates that plaintiff received the 1% monthly interest payments from June, 1956, to and including August, 1958. Thereafter, when difficulties arose between plaintiff and the developers of the land in Scarborough, New York, such payments ceased. Nevertheless, the credible testimony and documentary evidence adduced by plaintiff upon the trial of this action, including a promissory note evidencing the debt, interest checks and an affidavit of defendant’s president dated February 3, 1961, clearly support plaintiff’s contention that the moneys he turned over to Feldman were to be used as a loan to the defendant corporation and were never intended or accepted by Feldman as an investment in such corporation. Similarly, there is nothing in the record to support defendant’s claim that all other creditors of the corporation were to be repaid before plaintiff. On the contrary, the promissory note here involved was a demand note and interest payments were made regularly to plaintiff until such time as defendant saw fit to curtail them. It must be noted that although Samuel Feldman is an attorney and, as such, an officer of the court, available to defendant for the purpose of testifying upon this trial, it chose not to produce him as a witness. Many of the facts testified to by plaintiff were within the personal knowledge of said Feldman, who could have, if defendant so desired, been made to appear here. Plaintiff, therefore, is at least entitled to the presumption that Feldman, if produced by defendant, would not and could not have truthfully contradicted his proof.
Upon the evidence before me, therefore, I have reached the conclusion that defendant borrowed moneys from plaintiff *54 as alleged in Ms complaint. As a creditor rather than an investor-stockholder, defendant’s affirmative defense against plaintiff is of no merit.
Judgment is rendered accordingly in favor of plaintiff against defendant for the sum of $45,000 with interest thereon at the rate of 12% from January 1,1959, as prayed for in the complaint.
Defendant may have a 30-day stay of execution.